

# IN THE COURT OF CRIMINAL APPEALS
# OF TEXAS

### NO. AP-76,036

**HECTOR ROLANDO MEDINA, Appellant**

**v.**

**THE STATE OF TEXAS**

### ON DIRECT APPEAL FROM CASE F07-32923-S
### FROM THE 282nd JUDICIAL DISTRICT COURT OF
### DALLAS COUNTY

**JOHNSON, J., filed a dissenting opinion.**

### D I S S E N T I N G   O P I N I O N

Jury duty is not an easy thing, especially in a capital trial, but once undertaken, it needs to be the highest priority for all jurors. This is a case in which the court encouraged jurors to set other matters above the duties of a juror. The trial began on September 8. One juror wanted to go fishing, so, on Wednesday, September 10, the court adjourned the capital trial until Monday, September 15, losing two days of trial time.[1] Over defense objection, the trial court then recessed the capital trial

---

[1] While discussion at oral argument indicated that the fishing trip did not happen for reasons unrelated to the trial, the trial court was still in recess.

on September 16 so that another juror could be present for the scheduled, induced birth of a grandchild. When another juror fell and severely injured her arm, the trial court decided to wait for a week for her to recover, something unlikely to occur with a severe bone injury. Although the injury coincided with the induced birth, the decisions to twice delay proceedings severely prejudiced appellant's ability to present mitigating evidence. His witnesses came from outside Texas, even from outside of the United States. His expert witness was present at the beginning of trial, but had a scheduling conflict after the needless recesses extended the trial.

An alternate juror was available to replace the severely injured juror. An induced birth can be rescheduled. Before there is a rush to accuse me of being too harsh, I repeat, jury duty is not an easy thing, especially in a capital trial, but once undertaken, it needs to be the highest priority for all jurors. The injured juror was not at fault, but there was an alternate juror available to complete her service. It is reasonable to assume that the prospective grandparent knew of the impending induced birth scheduled for September 16 before the trial began on September 8; he told the judge that he would not be able to focus on the trial because of it. While being present at the induced birth was greatly important to that one person, it is trivial when compared with a decision as to whether a man will live or die.

The injured juror should have been replaced at the time of her injury and the trial continued without regard to scheduled, induced births. I would grant a new trial on punishment. Because the Court does not do so, I dissent.

Filed: January 12, 2011
Do not publish